UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE 600 ALABAMA | Case No: C 09-4672 SBA<br><br>**ORDER DISMISSING APPEAL** |

Appellants filed their bankruptcy appeal with the Court on October 1, 2009. The Court established a briefing schedule whereby Appellants' opening brief was due within thirty days after perfection of the record, pursuant to Federal Rules of Bankruptcy Procedure 8006 and 8007. (Docket 2.) Appellants never filed an opening brief. On June 25, 2010, the Court issued an order to show cause directing Appellants to demonstrate why their appeal should not be dismissed for failure to prosecute. The Court explicitly warned Appellants that their appeal would be dismissed if they failed to respond to the order. Appellants failed to respond to the Court's order to show cause.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action where plaintiff has failed to comply with the Federal Rules of Civil Procedure or any order of the court. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). This power derives from the district court's inherent authority to control its docket. Id. In determining whether to dismiss an action for failure to prosecute, the district court may consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's needs to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Moneymaker v. CoBen (In re Eisen), 31 F.3d

1447, 1451 (9th Cir. 1994) (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)); Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). Although a discussion of these factors is preferable, it is not an explicit requirement. Ferdick, 963 F.2d at 1262.

In the instant case, the Court recognizes the preference for resolving matters on the merits. Nonetheless, the remaining factors weigh in favor of dismissing the appeal. The interests expressed in the first two factors are directly contravened by Appellants' failure to file their opening brief. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket").

The next factor, the risk of prejudice to the opposing party, is related to the strength of the Appellants' excuse for the default. See Yourish, 191 F.3d at 991. Here, Appellants have offered no "excuse" for their conduct nor is any apparent from the record.

Finally, the Court has considered less drastic alternatives to dismissal. As noted, the Court afforded Appellants an opportunity to be heard prior to dismissing the action. "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." Ferdik, 963 F.2d at 1262. Accordingly,

IT IS HEREBY ORDERED THAT that the instant bankruptcy appeal is DISMISSED under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: July 1, 2010

SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IN RE 600 ALABAMA et al,

       Plaintiff,

  v.

IN RE 600 ALABAMA et al,

       Defendant.
_____/

Case Number: CV09-04672 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

  U.S. Bankruptcy Court, No. District of CA (San Francisco)
Clerk's Office
235 Pine Street
P.O. Box 7341
San Francisco, CA 94120-7341

Dennis Montali
US Bankruptcy Court
Northern District of California
P. O. Box 7341
235 Pine Street
San Francisco, CA 94120-7341

Dated: July 2, 2010

                                        Richard W. Wieking, Clerk

                                            By: LISA R CLARK, Deputy Clerk